# Neilson Estate

*Theodore O. Rogers,* for plaintiff Florence S. Neilson.

*W. Steven Woodward,* for respondents Trustees.

*Bayard M. Graf,* for defendant Louise Neilson.

WOOD, *J.,* November 25, 1987—Plaintiff Florence S. Neilson, the surviving spouse of Thomas R. Neilson, Jr. brings this action for declaratory judgment seeking an adjudication of her interest in her late husband's estate should she elect to take against his will.

In response to plaintiff's complaint, Louisa Neilson Plummer, the only child of decedent's first marriage, filed preliminary objections, which are the subject of this opinion. Lewis H. Van Dusen, Jr. and Provident National Bank, executors of the decedent's estate and trustees under decedent's deed of trust, filed an answer and new matter.

During plaintiff's marriage to Thomas R. Neilson, Jr., he created a trust by an indenture dated February 1, 1971. On June 4, 1979, he amended that trust, naming defendants Provident National Bank and Lewis Van Dusen as trustees. The amendment

revoked all of the substantive provisions of the original indenture and provided, in pertinent part:

*"Section 2nd: Provisions for Myself:*

"(A) During my lifetime the entire net income of the trust shall be paid to me.

"(B) Upon my death the principal of the trust shall be paid over to or in trust for such persons (other than my estate, my creditors or the creditors of my estate) in such amounts or proportions as I shall appoint by my will specifically referring to this power of appointment; and in default of appointment as provided in section 3d. . . ."

*"Section 11th: Trust Irrevocable:* This deed of trust shall be irrevocable and shall stand without power in me to alter, revoke or amend the same or any part thereof."

On February 11, 1987, Thomas R. Neilson, Jr. died. His will, dated June 4, 1979, was admitted to probate on February 20, 1987. It provided:

*"Section 3d: Power of Appointment Under My Trust:* Under my trust dated April 1, 1971, as amended, I reserved a limited power to appoint the principal in further trust. I elect to exercise that power and I hereby appoint one-third of the net income from that trust to my wife Florence S. Neilson for her life." Decedent bequeathed the rest of his estate, comprised mainly of valuable personal and household effects and a home on Nantucket Island, Massachusetts, to his children "in such shares as his executors shall determine."

The property placed in trust by decedent consisted of stock in various corporations. Plaintiff indicates that the stock is now worth about nine million dollars. The personal and household effects have been appraised at $140,000, and the house in Nantucket is worth approximately $650,000.

In her petition, plaintiff explains that she "is disposed to claim her elective share of one-third of the items of property" in her late husband's estate subject to election under 20 Pa.C.S. §2201 et seq., so that she may share in the personal and household effects passing from decedent by will, as well as in her husband's real and personal property in Massachusetts, by an election to be filed in that state. She also seeks to claim one-third of the income from the trust created by her husband, pursuant to 20 Pa.C.S. §2203(a)(2).

To this end, she seeks a declaratory judgment defining the interest in the estate to which she would be entitled should she choose to take an elective share under 20 Pa.C.S. §2203. Specifically, she seeks a declaration of what interest, if any, she would have in income or principal of the trust created by her husband.[1]

On August 12, 1987, I entered an order extending the time during which plaintiff may elect or not elect to take her elective share so that plaintiff may have the benefit of my decision in this declaratory judgment action.

In her preliminary objections, Louisa Neilson Plummer first contends that 20 Pa.C.S. §2211 provides an exclusive statutory remedy for plaintiff and that plaintiff is not entitled to a declaratory judgment.

20 Pa.C.S. §2211 empowers the orphans' court to "determine all matters concerning the spouse's

---

1. Plaintiff also seeks a declaration that if she claims her elective share, any Federal estate tax and any Pennsylvania inheritance tax and estate tax should be paid by the executors from principal of the trust. However, the preliminary objections do not address themselves to this part of the complaint, and so I will not address the tax questions herein.

election, including the interests and liabilities of the spouse and others in or with respect to all property, regardless of its situs, which is subject to the election or which must be disclaimed, released or conveyed by the spouse or charged against the elective share."

The statute is jurisdictional, and does not appear to be intended to place a limit on my authority to issue a declaratory judgment before a spouse makes her election. The spouse should not be required to make her election before her rights under the election are made clear. The situation before me is analogous to one in which a spouse seeks a declaration of her rights under an inexpertly drawn will before she chooses to elect. See *Brown Estate*, 7 Ches. Co. Rep. 8, 4 Fiduciary Rep. 652 (1955); *Blair Estate*, 100 P.L.J. 343, 2 Fiduciary Rep. 532 (1952). In this case, plaintiff seeks interpretation of the statutory provisions defining her elective share, before she decides whether to elect. An action for declaratory judgment is thus appropriate: see 42 Pa.C.S. §7531 et seq.

The parties do not dispute that should plaintiff elect to take against the will, she would be entitled to claim one-third of the value of the personal and household effects passing from decedent by will, under 20 Pa.C.S. §2203(a)(1). The crux of this controversy is the parties' disagreement as to the effect of 20 Pa.C.S. §§2203 and 2204 on plaintiff's interest in the trust created by decedent.

Section 2203(a) lists property subject to election, and includes:

"(2) Income or use for the remaining life of the spouse of property conveyed by the decedent during the marriage to the extent that the decedent at the time of his death had the use of the property or an interest in or power to withdraw the income thereof.

"(3) Property conveyed by the decedent during his lifetime to the extent that the decedent at the time of his death had a power to revoke the conveyance or to consume, invade or dispose of the principal for his own benefit." 20 Pa.C.S. §2203(a)(2), (3).

Section 2204 provides, inter alia:

"(a) Disclaimers. — Except as provided in subsections (b) and (c), an election by a spouse to take his elective share shall be deemed a disclaimer of any beneficial interest of the spouse in the following, to the extent that such interest would otherwise be payable to or enjoyed by the spouse after the decedent's death:

"(1) Property subject to the spouse's election not awarded to the spouse as part of his elective share.

"(2) Property appointed by decedent's exercise of a general or special power of appointment, and property passing in default of appointment to the extent that decedent had power to exclude his spouse from any interest therein.

"(3) Property in any trust created by decedent during his lifetime. . . .

"(d) Definition of, 'beneficial interest'. — The term 'beneficial interest' as used in this section shall include any power of appointment or power of consumption and any benefit arising from a direction by the decedent regarding the source of payment of inheritance or estate taxes. . . ."

paragraph 2d of the amended trust instrument, an interest in the entire net income of the trust. I conclude that this interest is subject to plaintiff's election, pursuant to 20 Pa.C.S. §2203(a)(2). However, decedent had no power to revoke the trust, or to consume or invade or dispose of the principal for his own benefit. Under section 11 of the amended trust instrument, decedent gave up all power to alter,

revoke, or amend the trust. Under section 2203(a)(3), then, I conclude that the principal of the trust is not subject to plaintiff's election.

The objectant contends that under 20 Pa.C.S. §2204(a)(2), plaintiff must disclaim any interest in the income of the trust, since decedent had given her such an interest (⅓ of the income) by exercising his power of appointment under section 3 of the amended trust document. Plaintiff argues, on the other hand, that section 2204(a)(2) simply provides that if she claims her elective share of one-third of the income, she will not also be entitled to the interest given her in the will by her husband's power of appointment.

One must bear in mind that the philosophy behind permitting an elective share is to protect a widow's interest in one-third of whatever her husband enjoyed during his lifetime. Should a spouse choose to elect, she must disclaim what her husband has *given* her, by will or power of appointment, but in turn receives a right to one-third of whatever he enjoyed or controlled at his death. The effect of defendant Plummer's position would be to deny the widow her right to one-third of something the husband had (income for life) simply because husband chose to give her an equivalent interest in his will. We cannot allow a husband to reduce a widow's interest by the simple expedient of giving her a similar interest by will and forcing her to reject it in order to exercise her right to elect. Section 2204 obliges plaintiff to surrender the one-third interest decedent *gave* her; it does not oblige her to forego the one-third to which she is entitled.

## DECREE ·

And now, this November 25, 1987, I conclude that should plaintiff choose to elect, she would be

entitled to a one-third share of her late husband's estate in or governed by the laws of this commonwealth[2], which shall be construed to include a right to one-third of the income of the trust administered by defendants Van Dusen and Provident National Bank. The preliminary objections are hereby overruled.

2. Her entitlement to the real estate in Massachusetts will be governed by the laws and courts of that commonwealth.